IN THE SUPREME COURT OF THE STATE OF KANSAS

Bar Docket No. 20346

In the Matter of AMELIA CELESTE HOLMES,
*Respondent.*

ORDER OF DISBARMENT

The court admitted respondent Amelia Celeste Holmes to the practice of law in Kansas on September 28, 2001. Her Kansas law license is currently suspended.

Holmes faces an upcoming hearing on a formal disciplinary complaint alleging that she violated Kansas Rule of Professional Conduct (KRPC) 8.4(b) (2025 Kan. S. Ct. R. at 426) (misconduct involving a criminal act), KRPC 8.4(c) (misconduct involving dishonesty, fraud, deceit, or misrepresentation), KRPC 8.4(g) (misconduct that adversely reflects on the attorney's fitness to practice law), and Supreme Court Rule 206(o) (2025 Kan. S. Ct. R. at 254) (duty to update contact information). Holmes failed to answer the formal disciplinary complaint as required under Supreme Court Rule 215(b) (2025 Kan. S. Ct. R. at 262).

The formal disciplinary complaint stems from two docketed complaints against Holmes. During the investigation into one of the complaints, Holmes admitted that she withdrew about $80,000 from her nephew's trust account while she served as the trustee and used the money to pay for her living expenses and illicit drugs. During the investigation of the other complaint, Holmes took responsibility for a card with cocaine on it that her former employer found in her desk.

On November 4, 2025, Holmes submitted a request to voluntarily surrender her Kansas law license under Supreme Court Rule 230(a) (2025 Kan. S. Ct. R. at 283). The

1

Office of the Disciplinary Administrator moves the court to accept Holmes' voluntary surrender under Rule 230(b).

The court grants that motion, accepts Holmes' voluntary surrender of her law license, disbars Holmes under Rule 230(b), and revokes Holmes' license and privilege to practice law in Kansas. The court directs the Office of Judicial Administration to strike the name of Amelia Celeste Holmes from the roll of attorneys licensed to practice law in Kansas effective the date of this order.

The court notes that any proceeding pending before the Kansas Board for Discipline of Attorneys against Holmes terminates on the date of this order under Rule 230(b)(1)(C). The Disciplinary Administrator may direct an investigator to complete any pending investigation to preserve evidence.

The court assesses the costs of this proceeding to Holmes under Supreme Court Rule 229 (2025 Kan. S. Ct. R. at 282) and directs Holmes to comply with Supreme Court Rule 231 (2025 Kan. S. Ct. R. at 285).

Finally, the court directs the Reporter of Decisions to publish this order in the Kansas Reports.

Dated this 13th day of November 2025.

LUCKERT, C.J., not participating.